UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SERGIO CASANOLA, <br> Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-9377 |
| DELTA MACHINE & <br> IRONWORKS LLC, ET AL., <br> Defendants | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is a motion to dismiss, filed by Defendant Delta Machine & Ironworks LLC ("Delta") pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, and a motion to transfer venue, filed by *pro se* Plaintiff Sergio Casanola under 28 U.S.C. § 1406(a).[1] Casanola opposes Delta's motion to dismiss.[2] For the reasons that follow, the Court **DENIES WITH PREJUDICE** the portion of Defendant's motion to dismiss filed under Rule 12(b)(3) and **DENIES WITHOUT PREJUDICE** the portion of Defendant's motion to dismiss filed under Rule 12(b)(6). The Court construes Plaintiff's motion to transfer venue as a motion pursuant to 28 U.S.C. § 1404(a) and **GRANTS** the motion. The Court orders that the above-captioned case is **TRANSFERRED** to the **MIDDLE DISTRICT OF LOUISIANA**.

## BACKGROUND

Delta is a steel fabrication company in Baton Rouge, Louisiana.[3] Plaintiff Sergio Casanola worked at Delta from October 12, 2015 to March 9, 2016, when he was terminated.[4] He brings this suit against Delta under Title VII of the Civil Rights Act of

---

[1] R. Doc. 20.
[2] R. Doc. 26.
[3] R. Doc. 1 at 10, R. Doc. 20-1 at 1.
[4] R. Doc. 1 at 10, R. Doc. 20-1 at 1.

1

1964 ("Title VII"),[5] alleging Delta discriminated against him on the basis of race and national origin.[6]

On March 20, 2019, Delta filed the instant motion to dismiss.[7] It argues the Court should dismiss this case for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure because the Eastern District of Louisiana is an improper venue for this action.[8] It also argues the Court should dismiss this case under Rule 12(b)(6) for failure to state a claim.[9] Casanola opposes.[10] Casanola also files a motion to transfer venue pursuant to 28 U.S.C. § 1406(a).[11]

## LAW AND ANALYSIS

### I. The Court denies Delta's motion to dismiss under Rule 12(b)(3).

"Title VII contains a specific venue provision that displaces the general venue provision set out in 28 U.S.C. § 1391."[12] The Title VII venue provision provides:

> [A]n action [under Title VII] may be brought *in any judicial district in the State in which the unlawful employment practice is alleged to have been committed*, in the judicial district in which the employment records relevant to such practice are maintained and administered, *or* in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be

---

[5] 42 U.S.C. §§ 2000e–2000e-17.
[6] R. Doc. 1 at 3–4.
[7] R. Doc. 20.
[8] R. Doc. 20-1 at 2–3.
[9] *Id.* at 2–8.
[10] R. Doc. 26.
[11] *Id.* at 12.
[12] *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013) (unpublished) (citing *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir.2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases."); *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994)).

2

considered a district in which the action might have been brought.[13]

In this case, the unlawful employment practice is alleged to have occurred in Louisiana.[14] Because venue is proper in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed,"[15] venue in this case is proper in the Eastern District of Louisiana. As a result, the Court denies Delta's motion to dismiss for improper venue under Rule 12(b)(3).

## II. The Court construes Casanola's motion to transfer venue as a motion under 28 U.S.C. § 1404(a).

The Court turns to Casanola's motion to transfer venue under 28 U.S.C. § 1406(a).[16] 28 U.S.C. §§ 1404(a) and 1406(a) apply to Title VII claims.[17] Section 1406(a) provides for dismissal or transfer for cases "laying venue in the wrong division or district."[18] Casanola moves for transfer under § 1406(a).[19] Because venue was not improper in this case, § 1406(a) does not apply.[20]

28 U.S.C. § 1404(a) provides that, even in cases in which venue was proper, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[21] "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants,

---

[13] 42 U.S.C. § 2000e-5(f)(3) (emphasis added).
[14] R. Doc. 1 at 10.
[15] 42 U.S.C. § 2000e-5(f)(3).
[16] R. Doc. 26 at 12.
[17] *See Allen*, 514 F. App'x at 422.
[18] 28 U.S.C. § 1406(a).
[19] R. Doc. 26 at 12. Delta moves for dismissal under the same provision. R. Doc. 20-1 at 3.
[20] *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013) ("Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws.").
[21] 28 U.S.C. § 1404(a).

witnesses and the public against unnecessary inconvenience and expense.'"[22] The party seeking transfer "must show good cause. . . . [T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice."[23] The Court construes Casanola's motion to transfer venue as a motion under 28 U.S.C. § 1404(a).

### III. The Court transfers venue under 28 U.S.C. § 1404(a).

Courts applying § 1404(a) first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."[24] The Supreme Court has held this refers to federal laws concerning venue and jurisdiction, not to "laws of the transferee State concerning the capacity of [the plaintiffs] to bring suit."[25] The court then considers a "number of private and public interest factors," none of which is given dispositive weight, to determine whether transfer serves the convenience of the parties and witnesses.[26]

#### A. This suit could have been filed in the Middle District of Louisiana.

This suit could have been brought in the Middle District of Louisiana. A corporation, including a limited liability company like Delta, is subject to general personal jurisdiction in its "place of incorporation and principal place of business."[27] Delta is a

---

[22] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.—585*, 364 U.S. 19, 26 (1960)).
[23] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) [hereinafter *Volkswagen II*] (citation and internal quotation marks omitted).
[24] *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)).
[25] *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964)
[26] *Id.* (citations omitted).
[27] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (analyzing whether defendant LLC was subject to general jurisdiction in a state by analyzing whether it was incorporated in that state or had its principal place of business there); *cf. Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550, at *7 (W.D. Tex. Oct. 26, 2015) (analyzing minimum contacts of LLC defendants).

4

Louisiana limited liability company with its principal place of business in Louisiana.[28] The United States District Court for the Middle District of Louisiana has personal jurisdiction over Delta. Venue is proper in the Middle District of Louisiana because, under the Title VII venue provision, the District is a "judicial district in the State in which the unlawful employment practice is alleged to have been committed."[29] Moreover, Delta represents[30] the Middle District is also "the judicial district in which the employment records relevant to such practice are maintained and administered."[31]

### B. Transfer serves the convenience of the parties and witnesses.

28 U.S.C. § 1404(a) requires district courts to consider "the convenience of the parties and witnesses" in deciding whether to transfer venue.[32] *In re Volkswagen AG* enumerates several "private and public interest factors, none of which are given dispositive weight."[33] As private factors, the Fifth Circuit listed:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses; and
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[34]

As public factors, the court listed:

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized interests decided at home;
(3) the familiarity of the forum with the law that will govern the case; and
(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[35]

---

[28] R. Doc. 20-2.
[29] 42 U.S.C. § 2000e-5(f)(3).
[30] R. Doc. 20-1 at 3.
[31] 42 U.S.C. § 2000e-5(f)(3).
[32] 28 U.S.C. § 1404(a).
[33] *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).
[34] *Id.*
[35] *Id.*

The Court finds the private concerns are neutral or weigh in favor of transfer. With respect to the first factor, by Delta's admission, all of the relevant documents and evidence are in Baton Rouge, in the Middle District of Louisiana.[36] With respect to the second factor, because Baton Rouge and New Orleans are less than 100 miles apart, compulsory process is available to secure the attendance of witnesses in either district.[37] With respect to the third factor, because Casanola was employed in Baton Rouge, the cost of attendance for willing witnesses would be lower if the case were tried in Baton Rouge. The Court is aware of no other relevant practical problems from trial in either venue, and the parties cite none.

The public factors also are neutral or weigh in favor of transfer. The parties have not indicated, and this Court is not aware of any difficulties from court congestion either in the Eastern District of Louisiana or in the Middle District of Louisiana. The Middle District of Louisiana has a stronger interest in having employment discrimination issues relating to local employers decided at home. Both fora are equally familiar with the federal law governing the case, and the case would not raise conflicts of laws issues in either forum.

Because the private and public factors are all neutral or weigh in favor of transfer, the Court transfers this case to the Middle District of Louisiana. The Court dismisses without prejudice Delta's motion to dismiss under Rule 12(b)(6), which Delta may reurge before the Middle District.[38]

---

[36] R. Doc. 20-1 at 3.
[37] The Federal Rules of Civil Procedure provide, "A subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A).
[38] *See Davidson v. Ascension Health Long-Term Disability Plan*, No. 6:16-CV-193-RP, 2017 WL 8682108, at *1 (W.D. Tex. Mar. 20, 2017) (transferring case and "defer[ring] to the transferee court regarding Defendants' motion to dismiss pursuant to FRCP 12(b)(6) regarding the substance of Plaintiff's claims"); *Busch v. Robertson*, No. 3:05-CV-2043-L, 2006 WL 1222031, at *7 (N.D. Tex. May 5, 2006) ("[A]s the case

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss, filed by Defendant Delta Machine & Ironworks LLC, be **DENIED IN PART WITH PREJUDICE** to the extent Defendant moves to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.[39]

**IT IS FURTHER ORDERED** that the motion to dismiss, filed by Defendant Delta Machine & Ironworks LLC, be **DENIED IN PART WITHOUT PREJUDICE** to the extent Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[40] Defendant may reurge the motion once the case is transferred.

**IT IS FURTHER ORDERED** that the motion to transfer venue, filed by Plaintiff Sergio Casanola under 28 U.S.C. § 1406(a) be **CONSTRUED** as a motion to transfer venue under 28 U.S.C. § 1404(a) and **GRANTED**.[41]

**IT IS FURTHER ORDERED** that the above-captioned case is **TRANSFERRED** to the **MIDDLE DISTRICT OF LOUISIANA**.

**New Orleans, Louisiana, this 10th day of May, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

is being transferred to the Eastern District of Virginia, the court declines to rule on Defendants' respective motions and amended motions to dismiss under Fed. R. Civ. P. 12(b)(6).").
[39] R. Doc. 20.
[40] R. Doc. 20.
[41] R. Doc. 26.